UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | CR. No. 03-10329-PBS |
| ) | |
| v. ) | |
| ) | |
| EDUARDO ENCARCION BUENO ) | |
| ) | |
| Defendant ) | |
| ) | |

## DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO RELEASE DEFENDANT

Now comes the Defendant through his undersigned attorney and moves this Honorable Court to dismiss the complaint against him or in the alternative release him from custody. The Defendant offers the following grounds in support of this motion.

On Monday, June 6, 2005, the Defendant was taken into Custody by United States Customs and Border Protection for suspicion of importation of heroin. The Defendant was taken to Whitten Hospital in Everett, Massachusetts.

The Defendant was underwent x-rays at the hospital where it was found that his stomach contained a number of packets. The Defendant was instructed to remain in the hospital until all of the packets had passed.

On June 7, 2005 a Criminal Complaint was issued charging the Defendant with violation of 21 U.S.C. Sec 952 (a), importation of heroin, a Schedule I controlled substance, into the United States from a place outside thereof.

On June 7, 2005 an Initial Appearance was held at the Whitten Hospital where the Court ordered the defendant remain in the custody of US Customs and Border Patrol until the Defendant's release from the hospital.

As of Thursday, June 9, 2005 Defendant's counsel was informed by the US Attorney's office that Defendant still had not passed all of the packets. Given the situation the Doctors were beginning to consider operating on Defendant to remove the remaining packets. Defendant's counsel began making arrangements to meet with Defendant to discuss both the possibility of an operation and the Detention Hearing set for June 10. (Defendant does not speak English and a court interpreter is required to communicate with the Defendant.)

Defendant's counsel informed the US Attorney's office of his desire to meet with his client. The US Attorney's office instructed Defendant's counsel to speak with the arresting officer, Special Agent of the Bureau of Immigration and Customs Enforcement. Defendant's counsel spoke with the arresting officer on several occasions and made arrangements to speak with Defendant.

At approximately 5:45 PM. Defendant's counsel arrived at Whitten Hospital with the interpreter. Counsel and interpreter were denied access to the defendant thereafter. Defendant's counsel spoke with the arresting officer at approximately 6 PM advising the officer counsel was at the hospital. The officer stated that the US Customs and Border Patrol had been told to allow counsel to meet with the Defendant.

US Customs and Border Patrol continued in their refusal to allow Counsel to meet with Defendant. Defendant's counsel spoke with Defendant's attending physician. The physician stated there was no medical reason prohibiting counsel from meeting with

Defendant. After approximately an hour US Customs & Border Patrol agreed to let Defendant meet with counsel but only in the presence of US Customs and Border Patrol Agents. Counsel then spoke to the Supervising Agent, Michael Cunningham, who refused to allow Counsel to meet privately, Counsel requested conditions but Mr. Cunningham refused to consider any conditions.

Defendant was denied his right to counsel in violation of his Sixth Amendment rights. Facing both the possibility of an operation to retrieve evidence and the need to prepare for the detention hearing Defendant needed to confer with counsel and was severely prejudiced by his inability to do so.

As a result of the Government's, (i.e. the US Customs and Border Patrol's), intentional denial of defendant's Sixth Amendment right to counsel defendant requests that the charges against him be dismissed or in the alternative that the Defendant be released from custody.

**Eduardo Encarcion Bueno**
By his attorney,

/s/ *Albert F. Cullen, Jr.*
BBO# 107900
30 Massachusetts Avenue
North Andover, MA 01845
(978) 794-5658

Dated: June 10, 2005

I, Albert F. Cullen, certify that I understand that counsel will receive electronic notice of the electronic filing of this pleading

/s/ ***Albert F. Cullen, Jr.***
Albert F. Cullen, Jr.

3