UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | CR. No. 05-10180 |
| | ) | |
| v. | ) | |
| | ) | |
| EDUARDO ENCARCION BUENO | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

**I. Introduction**

Defendant respectfully submits this memorandum in order to provide information to assist the Court in fashioning a sentence "Sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. Sec. 3553(a) in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

*Booker* restored district courts' ability to fashion a sentence tailored to the individual circumstances of the case and defendant by requiring courts to consider factors other than sentencing range prescribed by the United States Sentencing Guidelines. Indeed, under Section 3553(a), courts are *required* to sentence below the range if such a sentence would be sufficient to achieve the purposes of punishment.

Here, Defendant respectfully requests that the Court consider several important circumstances of this case in fashioning a sentence. *First*, Defendant cooperation with the government-pursuant to a 5C1.2(a)(5), "safety valve" proffer-was extensive and immediate. *Second*, the Defendant's lack of a criminal record demonstrating that his

criminal behavior in this case is truly aberrant and that he poses no risk of recidivism. *Third*, Defendant has already faced ruination – the very good possibility of losing his green card and ability to work higher paying jobs in the United States as a result of his criminal conduct.

These circumstances alone warrant a sentence substantially below that provided for by the sentencing guidelines.

## II. Procedural Background

Defendant pleaded guilty to a two count indictment: Conspiracy to Unlawfully Import Heroin into the United States from a Place Outside Thereof, to wit, the Dominican Republic, in violation of 21U.S.C. Sec. 963 (Count 1); and Unlawful Importation of Heroin into the United States from a Place Outside Thereof, to wit, the Dominican Republic, in violation of 21 U.S.C. Secs. 952(a) and 960 (Count 2). Defendant now stands before the Court for sentencing.

## III. Post-*Booker* Sentencing Considerations

The Court no doubt is aware of the broad ramifications of *United States v. Booker* for this proceeding. The sentencing guideline range is no longer binding on the Court, but is only one of the five factors to be considered in determining sentence. *Booker*, 125 S. Ct. at 764-65. The other four factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentence available; (3) the need to avoid unwarranted sentencing disparity; and (4) the need to provide restitution. *Id.*; 18 U.S.C. Sec. 3553(a)(1), (a)(3), (a)(6)-(7).

In considering the Section 3553(a) factors, the sentencing guidelines are to be given no more or less weight than any other factor. *See United States v. Jaber*, 362 F. Supp. 2d 365, 370-76 (D. Mass. 2005) (providing comprehensive analysis of why sentencing guidelines do not reflect statutory purposes of punishment); *United States. Ranum*, 353 F. Supp. 2d 984,987 (E.D. Wis. 2005)(same).

Perhaps even more important, however, is that *Booker* establishes a new, independent limit on the sentence that may be imposed. The primary sentencing mandate of section 3553(a) states that courts must impose the minimally-sufficient sentence to achieve the statutory purposes of punishment- justice, deterrence, incapacitation, and rehabilitation: The court shall impose a sentence *sufficient, but not greater than*

*necessary*, to comply with the purposes set forth in [18 U.S.C. Sec. 3553(a)(2)].  18 U.S.C. sec 3553(a) (emphasis added).  This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is *statutorily prohibited* from sentencing—even when a greater sentence is recommended by the sentencing guidelines.  *See United States v. Denardi*, 892 F. 2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

**IV. The Sentencing Factors as Applied to Defendant**

Aside from sentencing guidelines range, two of the Section 3553(a) factors are particularly relevant in Defendant's case: the nature and circumstance of the offense and the history and characteristics of the defendant; and the kinds of sentence available.  18 U.S.C. sec 3553(a)(10 & (3).

    A.    <u>The Nature and Circumstances of the Offense and Defendants History and Characteristics</u>.

        1. *Defendant's Cooperation with the Government*

Defendant agreed to a "safety-valve" proffer pursuant to U.S.S.G. Sec. 5C1.2(a)(5).  Defendant's cooperation is worth discussing here for another reason:  it gives significant insight into his character.  *See Roberts v. United States*, 445 U.S. 552 (1980) (cooperation is a "laudable endeavor that bears a rational connection to a defendant's willingness to shape up and change his behavior").

In this case, Defendant's cooperation was unhesitating.  Defendant gave a complete account of his own wrongdoing and that of the other participants.  While not particularly fruitful at this time the Defendant's proffer thereby belies his limited, one time role in this offense.  Further the Defendant's cooperation is coming at the beginning of this investigation and may lead to further arrests thereby obviating substantial investigative work.

        2. *Defendant's Good Character and Unblemished Personal History*

The Defendant has no prior criminal record.  At all times the Defendant has been a hard working, law abiding citizen.  Defendant legally obtained his green card and became a legal resident in 1986.  For a period of three years (2000-2003) Defendant lived, worked and paid taxes while in Maryland.  Defendant has no education and is unable to read or write Spanish or English and is unable to speak English.  As such

Defendant was misled as to the consequences of actions by the people that employed Defendant in their illegal smuggling operation. Likewise the Defendant was misled as to the possible health risks of performing the services for which Defendant was enlisted.

      3. *Defendant's Offense*

The offense in this case is serious. The importation of drugs and illegal drugs in general create major problems for the United States and its citizens. Based on representations made to Defendant by the person(s) employing Defendant in this endeavor the Defendant did not realize the seriousness or the gravity of the offense much less the personal risk Defendant to which Defendant was subjecting himself. (Defendant was told that if he were caught the consequences given Defendant's lack of a prior record would be minimal. Likewise Defendant was told if a balloon were to burst he would become "sleepy". Defendant was never informed that death was a real and likely possibility in the event a balloon burst.)

Defendant's ignorance of the consequences and danger of his actions does not excuse Defendant's crime, but it is relevant to assessing his moral blameworthiness and, ultimately, to determining his sentence. While Defendant fully acknowledges the illegality of his conduct, the unusual factual circumstances of this case remain an important consideration in assessing the nature of the offense.

   B. The Kinds of Sentences Available

After *Booker*, however, the sentencing guidelines are not binding and courts have discretion as to what sentence to impose.

The Defendant has served over 9 months in custody. Serving further time in Federal custody will only serve to prolong the inevitable at the taxpayer's expense. Defendant should be sentenced to time served and deported back to the Dominican Republic. After *Booker* this sentence is available to the Court. Under section 3553(a)(3), the Court must consider the availability of this option in determining the proper sentence in this case. For the reasons discussed separately below, such a sentence should be imposed.

    C.  The Sentencing Guidelines

The pre-sentence investigation report determines Defendant's sentencing guideline range as 30 to 37 months imprisonment based on an offense level of 19 and a criminal history category of I (0 points). PSR at ¶ 90.

## V. The Minimally-Sufficient Sentence in this Case

As discussed above, *Booker* and 18 U.S.C. sec. 3553(a)'s parsimony provision impose a statutory cap on sentences, no matter what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment. Here, it is respectfully submitted that a sentence of 10 month's imprisonment is sufficient to achieve the goals of punishment.

Justice is certainly served by this proposed sentence. Defendant recognizes that the seriousness of his offense and the resulting harm warrants imprisonment; he is not attempting to avoid this reality. Ten months imprisonment for a person of limited education who does not speak English and does not read or write Spanish or English is a substantial term fro a person with no prior record. The import of incarceration on this individual is reflected in his attempt and repeated threats to take his own life.

The proposed sentence likewise achieves the goals of deterrence, incapacitation, and rehabilitation. Defendant was under the false impression that if arrested he would be subject to little or no jail time. Had the Defendant been aware that jail time was a likely consequence of his illegal actions Defendant may not have agreed to commit the crime. Now that the Defendant has actually served 10 months in prison he would be deterred from committing any further crime. This deterrence combined with Defendant's prior law-abiding history and loss of his resident status has had a serious effect on the Defendant. In short, Defendant presents no risk of recidivism. General deterrence is amply served by the substantial imprisonment component of the proposed sentence, as well as by the many collateral consequences this case has had for Defendant. Finally, Defendant's need for rehabilitation is met by the proposed sentence. Defendant placed his own misinformed judgment above the law in this case, and he recognizes his arrogance in this regard. The proposed sentence will further solidify Defendant's respect for the law.

In determining the minimally-sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation.  Respectfully, it would not in this case.  In making this judgment, it is important to examine the ruination that Defendant has already suffered as a result of his conduct and this prosecution.  While these consequences are not a complete substitute for judicial punishment, they are critically important to assessing what further punishment is necessary in this case.  Because such consequences satisfy some of the purposes of punishment, they are widely recognized as grounds for departure under the sentencing guidelines.  *See, e.g. United States v. Speed Joyeros, S.A.*, 204 F. Supp. 2d 412, 439-40 (E.D.N.Y. 2002); *United States v. Redemann*, 295 F. Supp 2d 887,894-97 (E.D. Wis. 2003); *United States v. Gaind*, 829 F.Supp. 669, 670-71 (S.D.N.Y. 1993).

Defendant has lost everything he had acquired in his lifetime.  In addition, by losing his green card and immigration status the Defendant has lost any future ability to work in the United States and make a decent living.  Defendant recognizes that he has brought these consequences upon himself.  But the punishment is no less real for being self-inflicted, and that is what matters in assessing the need for additional judicial punishment.

## VI.    Conclusion

For the reasons discussed above, the Defendant respectfully requests that the Court impose a sentence of 10 months.

Respectfully submitted
**Eduardo Encarcion Bueno**
By his attorneys
/s/  *Albert F. Cullen, Jr.*

BBO# 107900

/s/ *Albert F. Cullen, III*

BBO# 561223
60 K Street, Boston, MA 02127

Dated: February 21, 2006

I, Albert F. Cullen, certify that I understand that all counsel will receive electronic notice of the electronic filing of this pleading.

/s/ **_Albert F. Cullen, Jr._**

Albert F. Cullen, Jr.